# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6765 | **DATE** | 5/31/2001 |
| **CASE TITLE** | ANAEL vs. INTERSTATE BRANDS CORPORATION | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

| | | |
|---|---|---|
| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Interstate's motion for summary judgment is granted as to Count I of Anael's complaint. As a result, Count I is dismissed with prejudice. However, as to Count II, Interstate's motion is denied. In addition, because there is a genuine issue of material fact as to when Anael was terminated, we reject Interstate's argument that Count II is untimely. Finally, we find that Rule 4l(d) does not apply to the instant case. Anael has twenty-one (21) days from the date of this Memorandum Opinion and Order in which to file an amended complaint. Interstate has fourteen (14) days from the date of receipt of the amended complaint in which to respond. Ruling date of 6/28/01 is stricken. Status hearing set for 7/12/01 at 9:30a.m. |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUN 04 2001 date docketed | |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | |
| | Copy to judge/magistrate judge. | 01 JUN -1 AM 11:54 date mailed notice | |
| TBK courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NINOS ANAEL,             )
                         )
        Plaintiff,       )
                         )
    v.                   )   No. 00 C 6765
                         )   Paul E. Plunkett, Senior Judge
INTERSTATE BRANDS        )
CORPORATION              )
                         )
        Defendant.       )

## MEMORANDUM OPINION AND ORDER

Plaintiff Ninos Anael ("Anael") has filed a two-count complaint against Interstate Brands Corporation ("Interstate") alleging retaliation in violation of Title VII of the Civil Rights Act of 1964. Interstate has filed a Fed. R. Civ. P. (Rule) 12(b)(6) motion to dismiss or, in the alternative, for summary judgment pursuant to Rule 56. For the reasons stated herein, Interstate's motion for summary judgment is granted in part and denied in part.



## Facts[1]

Anael began working for Interstate in November of 1994 as a Maintenance Apprentice. By virtue of his position, he was a member of the International American Mechanics Union, Local 8. In July of 1996, Anael was promoted to the position of Maintenance Mechanic.

Throughout Anael's employment with Interstate, he was subjected to harassment and derogatory remarks by his supervisors about his ethnicity, including, inter alia, being called a "stupid camel jockey" and a "no good worthless camel." Anael informed Rob Knorrek ("Knorrek"), one of his supervisors of the harassing and derogatory remarks. Nonetheless, the remarks continued. From August to November of 1997, another one of Anael's supervisors, Harry White was ordered by a different supervisor, Vince Calabrese ("Calabrese"), to find reasons to terminate Anael. As a result of this conduct, Anael filed a charge of national origin discrimination against Interstate with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC") on December 11, 1997.

In retaliation for his filing an EEOC charge for national origin discrimination, on January 11, 1998, Calabrese directed Anael to go to the boiler room to remove insulation from around a boiler. Calabrese did so knowing full well that the insulation contained asbestos and knowing that Anael and the others would need to wear protective gear to shield them from the dangers of asbestos removal. Notwithstanding this information, Calabrese failed to inform Anael and the others of the presence of asbestos in the insulation. In fact, when asked by Anael whether the insulation contained asbestos, Calabrese informed him that it had been tested and that there was no asbestos.

---

[1]The following facts were taken from plaintiff's complaint.

Nevertheless, Calabrese provided protective gear for another employee who was assigned to remove the insulation.

On January 20, 1998, Anael had pieces of the insulation independently tested for asbestos. The tests revealed that the insulation contained dangerous amounts of asbestos. Anael reported these findings to the Illinois Environmental Protection Agency ("IEPA") and the Occupational Safety and Health Agency ("OSHA"). After taking their own samples, the Federal EPA and the Attorney General shut down Interstate's plant due to the presence of and illegal removal of asbestos. Anael subsequently informed Interstate that he was the person who called the IEPA and OSHA. Since removing the asbestos without protective gear, Anael has experienced complications with his health, including hemorrhaging in his lungs. As a result of being subjected to the asbestos and numerous death threats, Anael filed a charge of retaliation against Interstate on February 2, 1998.

After receiving both of his right to sue letters from the EEOC, Anael filed suit in federal court in 1998 before Judge Kocoras alleging national origin discrimination and retaliation. His case was dismissed for failure to prosecute on June 14, 1999. The reasons the case was allowed to perish are not revealed by the record here.

Anael contacted Interstate on several occasions and informed them that he was under a doctor's care for various illnesses and that he was afraid to return to work until he could be assured that Interstate would protect him from retaliation. According to Anael, it was not until February 3, 2000, that he first learned from his union that he had been terminated effective on or about August 24, 1998. In response, on May 24, 2000, Anael filed a charge with the IDHR and the EEOC alleging that Interstate terminated him in retaliation for his notifying the IEPA and OSHA of the presence and illegal removal of asbestos at Interstate's plant. He received a right to sue letter from the EEOC on

August 3, 2000. The instant action was filed in October of 2000. We have jurisdiction pursuant to 28 U.S.C. § 1331.

## Legal Standard

Interstate has moved for a Rule 12(b)(6) motion to dismiss or, in the alternative, a Rule 56 motion for summary judgment. Attached to Interstate's motion to dismiss are several documents including, inter alia, court documents from Anael's 1998 suit, a letter from Interstate to Anael, and deposition transcripts. Along with his response brief, Anael has also attached several documents. As a result, Interstate's Rule 12(b)(6) motion to dismiss is converted to a Rule 56 motion for summary judgment. Because Anael was aware that the Rule 12(b)(6) motion may be converted to a Rule 56 motion for summary judgment, and because Anael concedes all of Interstate's 56.1(a)(3) statements of material undisputed fact, further filings by the parties are not necessary prior to our ruling on the merits of Interstate's Rule 56 motion.

Federal Rule of Civil Procedure 56(c) allows the Court to grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In considering the evidence submitted by the parties, we do not weigh it or determine the truth of asserted matters. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). All facts must be viewed and all reasonable inferences drawn in the light most favorable to the non-moving party. Transamerica Ins. Co. v. South, 975 F.2d 321, 327 (7th Cir. 1992). "If no reasonable jury could find for the party opposing the motion, it must be granted." Hedberg v. Indiana Bell Tel. Co., Inc., 47 F.3d 928, 931 (7th Cir. 1995) (citing Anderson,

-4-

477 U.S. at 248).

## Discussion

Interstate argues that it is entitled to summary judgement because: (1) Anael's claims are barred under the doctrine of res judicata; (2) Anael's claims are time barred; and (3) Rule 41(d) requires our dismissal of Anael's claims.

### 1. Are Anael's claims barred under the doctrine of res judicata?

Res judicata prevents a plaintiff from engaging in piecemeal litigation by bringing claims that were or could have been brought in an earlier lawsuit. D & K Properties Crystal lake v. Mutual Life Ins. Co., 112 F.3d 257, 259 (7th Cir. 1997). Res judicata bars a second lawsuit if there is: (1) a final judgment on the merits in an earlier action; (2) identity of the parties or their privies; and (3) identity of a cause of action. Id. To determine whether the causes of action are identical, courts look to whether "a single core of operative facts form[ed] the basis of both suits." Prochotsky v. Baker & McKenzie, 966 F.2d 333, 334-35 (7th Cir. 1992).

The first two requirements are satisfied. According to Judge Kocoras' minute order dated June 14, 1999, Anael's 1998 complaint was dismissed for failure to prosecute. (Interstate's M. Summ. J. at Ex. B.) A dismissal for failure to prosecute constitutes a final judgment on the merits. Horwitz v. Alloy Automotive Co., 992 F.2d 100, 102 (7th Cir. 1993). In addition, the parties are identical in both cases, i.e., Anael is a plaintiff in both cases and Interstate is the only named defendant in both cases.

The third element necessary for res judicata, that there be identity of the causes of action, is

satisfied with respect to Count I of Anael's 2000 complaint, but not Count II. Interstate contends that "[t]he claims in both lawsuits relate to the same employment discrimination claims" and, therefore, there is an identity of the causes of action. (Interstate's M. Dismiss at 6.) According to Anael's 1998 complaint, he filed a charge of retaliation with the EEOC on the basis that Interstate knowingly directed him to clean up asbestos infested insulation without protective gear because he filed a national origin discrimination charge with the EEOC. (Anael's 1998 Compl. at ¶¶ 7, 8, 21.) Count I of Anael's 2000 complaint alleges the same cause of action. (Anael's 2000 Compl. at ¶ 41.) As a result, both Anael's 1998 complaint and Count I of his 2000 complaint derive from "a single core of operative facts." Prochotsky, 966 F.2d at 334-35. Therefore, Anael is barred under the doctrine of res judicata from bringing Count I.

In contrast to his 1998 complaint, Count II of Anael's 2000 complaint alleges a different theory of recovery for retaliation. Count II alleges that Anael was terminated in retaliation for his informing the IEPA and OSHA of Interstate's alleged illegal removal of asbestos from its plant. Anael's claim that he was retaliated against by being forced to remove asbestos without protective gear for filing a charge of national origin discrimination with the EEOC is not identical to his claim that he was terminated for notifying the IEPA and OSHA that Interstate was allegedly illegally removing asbestos from its plant. In his second complaint, he was fired. In his first, only reassigned. In his second complaint, the retaliatory action was taken for reporting his employer. In the first, the retaliation was for his EEOC complaint on national origin discrimination. As a result, Count II of Anael's 2000 complaint and his 1998 complaint do not derive from "a single core of operative facts." Prochotsky, 966 F.2d at 334-35.

However, Interstate contends that Anael's new theory of liability could have been raised in

his 1998 Complaint. (See Interstate's M. Dismiss at 6 citing Protsky, 966 F.2d at 335.) In order to determine whether Interstate's argument has merit, we must determine when it was that Anael first learned that he was terminated. Interstate's contention is that Anael first knew he was terminated in February of 1998, or August of 1998 at the latest. In support of the February of 1998 time period, Interstate has cited deposition testimony from Anael's 1998 suit, wherein Anael admits that he thought he was terminated in February of 1998. (Interstate's Reply at Ex. A.) February of 1998 cannot be when Anael was terminated. Our disagreement is premised on a letter written by Interstate and sent to Anael on August 5, 1998. (Interstate's Mot. Dismiss at Ex. C.) In its entirety, the body of the letter states:

> Your last day of work was January 24, 1998. On February 25th, I.B.C. had written you and asked you to contact them regarding your absence from work. To date, the only communication from you has been the Accident and Sickness Benefit Claim Form dated April 14, 1998. In the existing circumstances, the Company will conclude that you have chosen to stop working here, unless the Human Resources Department has received a written statement by you, by 4:00 P.M. August 12, 1998, which states that you desire to return to work. In that event, we will promptly meet and discuss the situation and your status. The address and telephone number are shown above for your reference.

(Id.) It is unambiguous from the language of this letter that Interstate did not consider Anael to be terminated until at least August of 1998. Therefore, Interstate's assertion that Anael could have known that he was terminated in February of 1998 is without merit. It is inconsequential if Anael thought he was terminated before August of 1998 because he would not have had a cognizable retaliation claim against Interstate for terminating him until he was actually terminated in August of 1998. Therefore, if either of Interstate's suggested times is correct, August of 1998 is correct.

According to Florida Power & Light Co. v. United States, 198 F.3d 1358, 1360 (Fed. Cir.

1999), a plaintiff is under no obligation to amend its complaint and res judicata does not bar litigation of claims arising from transactions which occurred after the original action was brought. See also Pleming v. Universal-Rundle Co., 142 F.3d 1354, 1355 (11th Cir. 1998). Therefore, because Anael's first suit was filed in April of 1998, and because the earliest date Count II could have arisen is August of 1998, Count II is not barred under the doctrine of res judicata.

2. **Are Anael's claims time barred?**

In Illinois, an employee alleging discrimination must file an EEOC charge within 300 days of the occurrence of the act which forms the basis of the charge. Sharp v. United Airlines, 236 F.3d 368, 372 (7th Cir. 2001). Failure to do so makes a plaintiff's charge untimely. Id. The 300 day time period begins to run on the date that the employee discovers the injury. Sellars v. Perry, 80 F.3d 243, 245-46 (7th Cir. 1996). Therefore, in order to determine whether Anael's claim is timely, we must determine when he discovered the injury, i.e., when he was terminated.

As stated in the previous section, the earliest Anael could have known that he had been terminated was August of 1998. Anael, however, contends that February 3, 2000 was the first time he realized that he had been terminated. (Interstate's 56.1(a)(3) Stmt. ¶ 26.) Although Anael admits receiving Interstate's letter in August of 1998, he claims that he received a telephone call from Nancy Yde, Interstate's Safety Manager, in which Nancy informed him that the letter was on hold and that he should contact one if his supervisors when he was ready to return to work. (Anael's Resp. at 3.) In support thereof, Anael has submitted the affidavit of Edward Odisho. It states:

> Nancy Yde told me that she needed to speak to [Anael] to find out if he was coming back to work. I personally dialed Ninos Anael's phone number and stood next to Nancy while she spoke to Ninos. I

> heard Nancy tell Ninos that she understood what he was saying and
> that she will put the letter on hold, and when you are ready to come
> back to work, call me or Robert Knorak, or Vince Trumbetti (shop
> stewart).

(Anael's Resp. at Ex. E.) Based on the information provided in Odisho's affidavit, both he and Anael could testify as to the substance of his conversation with Nancy because the substance of that conversation would be admissible under Fed. R. Evid. 801(d)(2) as an admission by an employee of the opponent. Upon considering the substance of this evidence, a genuine issue of material fact arises as to when Anael was terminated. As a result, we can not say with assurance when the termination occurred. That issue remains for trial.

### 3. Does Rule 41(d) require us to dismiss Anael's claims?

In 1998, Judge Kocoras dismissed Anael's national origin and retaliation claims for failure to prosecute. In doing so, he ordered Anael to pay Interstate approximately three thousand dollars ($3,000) in court costs. Interstate argues that Rule 41(d) mandates that Anael pay those court-ordered costs before he is allowed to proceed with the instant action. Rule 41(d) states:

> If a plaintiff who has once dismissed an action in any court
> commences an action based upon or including the same claim against
> the same defendant, the court may make such order for the payment
> of costs of the action previously dismissed as it may deem proper and
> may stay the proceedings in the action until the plaintiff has complied
> with the order.

In order for Rule 41(d) to apply, two requirements must be met: (1) the plaintiff must have voluntarily dismissed a suit against the defendant; and (2) the plaintiff must subsequently brings the same suit against the same defendant. The instant case satisfies neither of these two requirements. The first requirement is not met because Anael's 1998 law suit was dismissed for failure to

prosecute, not by voluntary dismissal. That dismissal constitutes a decision on the merits. Therefore, the second requirement cannot be met either. If the second requirement were met, then the subsequent lawsuit would be barred under the doctrine of res judicata. As a result, Rule 41(d) is not applicable to the instant case.

## Conclusion

Interstate's summary judgment motion is granted as to Count I of Anael's complaint. As a result, Count I is dismissed with prejudice. However, as to Count II, Interstate's motion is denied. In addition, because there is a genuine issue of material fact as to when Anael was terminated, we reject Interstate's argument that Count II is untimely. Finally, we find that Rule 41(d) does not apply to the instant case. Anael has twenty-one (21) days from the date of this Memorandum Opinion and Order in which to file an amended complaint. Interstate has fourteen (14) days from the date of receipt of the amended complaint in which to respond.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

DATED: 5-31-01